# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

————————————

No. 01-41182

(Summary Calendar)

————————————

JAMES BRYAN ORTEZ,

                                        Petitioner - Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent - Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 4:99-CV-246

June 12, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        James Bryan Ortez, Texas prisoner # 778260, requests a certificate of appealability ("COA")

to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2254. Ortez's petition asserted claims of prosecutorial misconduct, trial-court bias and errors, and ineffective assistance of trial and appellate counsel. The district court determined that Ortez's prosecutorial-misconduct claims were procedurally barred due to application of the Texas contemporaneous-objection rule, and that they were not cognizable on federal habeas review because they had been raised and rejected in Ortez's state direct appeal. The district court did not address Ortez's argument that he had demonstrated cause and prejudice or a miscarriage of justice sufficient to overcome any procedural default. The district court also determined that Ortez's trial-court bias and many of his ineffective-assistance claims were not cognizable on federal habeas review because they too had been raised and rejected in Ortez's state direct appeal.

To obtain a COA, Ortez must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requires Ortez to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court dismisses a petition on procedural grounds, the prisoner must make a two-pronged showing in order to obtain a COA: "[T]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Determining whether a COA should issue when the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding; 28 U.S.C. § 2253 mandates that both showings be made before the court of appeals may entertain the appeal. *Id.*

It was error for the district court to conclude that many of Ortez's claims were not cognizable because they had been raised and rejected on direct state appeal. As authority, the district court cited

*Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc). The holding of *Ex parte Torres* concerns state habeas corpus proceedings and it is irrelevant to whether a petitioner's federal habeas claims are cognizable. *Id.* at 475.

Under *Slack*, in addition to showing debatable procedural error, Ortez must also show that his petition states a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484. Ortez's petition asserts claims implicating his constitutional rights to due process and to the effective assistance of counsel. However, the merits of many of his claims were not reviewed in the district court on account of the court's reliance on *Ex parte Torres*.

Accordingly, COA is hereby GRANTED. The judgment of the district court is VACATED and this case is REMANDED for further proceedings.[1] *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (court may grant COA, vacate judgment, and remand without requiring further briefing in appropriate case).

---

[1]Although the district court did review the merits of some of Ortez's ineffective-assistance claims, in one instance it based its rejection of the claim, without analysis, on the fact that the underlying substantive claim had been raised and rejected in Ortez's direct state appeal. Several of Ortez's other ineffective-assistance claims were rejected because Ortez had not made a showing of prejudice; it is unclear what effect, if any, review of Ortez's other ineffective-assistance claims would have on this determination.